## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC.,  ) | |
| ) | |
| *Plaintiff,*  ) | |
| ) | |
| v.  ) | Case No. 10-CV-11288-RWZ |
| ) | |
| DECAS CRANBERRY PRODUCTS, INC., et al.,  ) | |
| ) | |
| *Defendants.*  ) | |

### AFFIDAVIT OF JOHN DECAS

Now comes the undersigned John Decas under oath, and deposes and says as follows.

1.  My name is John Decas. I am the Chairman of the Board of Directors of Decas Cranberry Co., Inc.

2.  Between May and September, 2010, I attended five meetings with other cranberry growers and attorneys from the law firm Miller Canfield ("Miller Canfield meetings"). Each Miller Canfield meeting was attended by one or more attorneys from Miller Canfield who specializes in antitrust litigation.

3.  I attended the Miller Canfield meetings on behalf of Decas to obtain legal advice and consider whether Decas should join prospective antitrust litigation against Ocean Spray and thereby be represented by Miller Canfield.

4.  I was informed, and reasonably believe, that Miller Canfield invited only those individuals/entities that had a potential claim against Ocean Spray to attend the Miller Canfield meetings. I was informed, and reasonably believe, that the Miller Canfield meetings were not

open to the public.  When an Ocean Spray grower attempted to attend one of the Miller Canfield meetings he was asked to leave.

5.      I reasonably believed and believe that the communications at the Miller Canfield meetings were confidential and privileged.

6.      At the start of each Miller Canfield meeting the attorney(s) from Miller Canfield made a presentation concerning the potential antitrust lawsuit against Ocean Spray.  The Miller Canfield attorneys then answered questions that were posed about the potential litigation, and those participating generally discussed the facts that might support the potential antitrust claims.

7.      At the time of the Miller Canfield meetings, litigation against Ocean Spray was being contemplated in good faith and was under serious consideration.

8.      Many independent growers do not want Ocean Spray to know they attended the Miller Canfield meetings out of a fear that Ocean Spray, which dominates the industry,  will retaliate against them by naming them as defendants in this lawsuit.  In my opinion, Ocean Spray has filed this lawsuit, and identified "John Doe" defendant growers, solely to bully and intimidate growers from suing Ocean Spray.  Decas's relationships with these independent growers will be irreparably harmed if Decas is required to disclose their identities.

9.      I participated in, or am familiar with, additional communications with independent growers who had no intention of joining the Ocean Spray cooperative.  No such communications were made as part of commercial advertising.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd DAY OF

FEBRUARY, 2011.

John Decas

Certificate of Service
I hereby certify that this document filed through the ECF
system will be sent electronically to the registered
participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those
indicated as non registered participants on the 3rd day of
February, 2011.

/s/ Kurt B. Fliegauf